O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA R. OKOEBOR, | NO. CV 06-6496-CT |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE[1], Commissioner of Social Security, | |
| Defendant. | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On October 12, 2006, plaintiff, Trina Okoebor ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The

---

[1] On February 1, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner as the defendant in this suit.

parties filed a consent to proceed before the magistrate judge. On March 2, 2007, the parties filed a joint stipulation in lieu of cross-motions for summary judgment, which briefed their respective positions in the case.

SUMMARY OF ADMINISTRATIVE RECORD

1. <u>Prior Proceedings</u>

On August 23, 2001, plaintiff filed an application for benefits, alleging disability since January 3, 2000 due to: arthritis; carpal tunnel syndrome; and, back, knee and hand problems. (TR 76-78, 93).[2] The application was denied through the administrative process. (TR 6-7).

Plaintiff subsequently sought judicial review in this court. On December 19, 2003, the parties stipulated to remand the case so that: the Appeals Council Judge could update the record and reevaluate Dr. Resnick's opinion by resolving the ambiguity therein or, if necessary, by re-contacting him; explain the weight given the opinion; and, if he rejects it, provide specific, legitimate reasons for doing so.

On January 19, 2006, plaintiff, represented by an attorney, appeared and testified at a second hearing before an ALJ. (TR 434-65). The ALJ also considered vocational expert ("VE") and medical expert ("ME") testimony. On April 26, 2006, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. (TR 283-90). On May 3, 2006, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's

---

[2] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

decision. (TR 278). On August 18, 2006, the request was denied. (TR 260-63). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

## 2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

## DISPUTED ISSUES

1. Whether the ALJ could rely on the opinion of the state agency physician over the opinion of the medical expert and the treating physicians; and,

2. Whether the ALJ properly considered the testimony of plaintiff.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for

rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

DISCUSSION

1. <u>The Sequential Evaluation</u>

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

4

1    Fifth, if the person cannot perform past relevant work, the burden
2 shifts to the Commissioner to show that the person is able to perform
3 other kinds of work.  The person is entitled to benefits only if the
4 person is unable to perform other work.  20 C.F.R. §404.1520; Bowen v.
5 Yuckert, 482 U.S. 137, 140-42 (1987).
6    2.  Issues
7        A.  Residual Functional Capacity ("RFC")
8    Plaintiff essentially contends that the ALJ's RFC assessment is not
9 supported by substantial evidence because his conclusion adopted the
10 position of the state agency physician, Dr. Taylor-Holmes, and rejected
11 the opinions of other physicians in whole or in part.
12   The ALJ concluded as follows:

> [Plaintiff] is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently; able to stand and/or walk for two to four hours with normal breaks for about six hours during an eight hour workday; able to sit with normal breaks for about six hours during an eight-hour workday: cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, and crouch; cannot crawl; should avoid constant forceful gripping, grasping, and handling of objects, but all other handling is okay; should avoid concentrated exposure to extreme cold and heat; should not work at heights; and should avoid uneven terrain.

20   The record reflects that in determining plaintiff's RFC, the ALJ
21 gave specific and legitimate reasons for discrediting more significant
22 limitations than those assessed by Dr. Taylor-Holmes.  (TR 284-89).  See
23 Batson v. Commissioner of Social Security, 359 F. 3d 1190, 1195-96 (9th
24 Cir. 2004); Rollins v. Massanari, 2617 F.3d 853, 856 (9th Cir. 2001); 20
25 C.F.R. §404.1577(f)(2).  Among other things, the February 18, 2004
26 assessment at issue, (TR 357-65), was generally supported as the ALJ
27 concluded by the September 21, 2005 orthopaedic consultation, including

5

a record review and examination of plaintiff, by Dr. J. Pierce Conaty, a Board Certified Diplomate, American Board of Orthopaedic Surgery. (TR 417-21). The ALJ also referenced the reports of Dr. Earl Feiwell, an Agreed Medical Examiner in plaintiff's workers' compensation case, who in 2005 opined that plaintiff's levels of complaint were exaggerated. (TR 411). In rejecting the more restrictive opinion of Dr. Cuthbert Pyne, plaintiff's general practitioner, the ALJ also referenced Dr. Pyne's sparse records and lack of apparent treatment since 2002.

Dr. Charles T. Resnick, whose opinion was expressly considered by the ALJ (TR 287) in accordance with the stipulated remand order, performed surgery for plaintiff's carpal tunnel syndrome in September 2000, and, in May 2001, he precluded plaintiff from repetitive or strenuous gripping or grasping, lifting of more than 20 pounds, and limited fine motor activities with her right hand to no more than 30 minutes without a break. He opined that plaintiff's complaints with respect to her right hand and wrist "can be classified as intermittent slight." (TR 126-27). He referred plaintiff's left hand and wrist complaints to Dr. Norman P. Zemel, another Agreed Medical Examiner in plaintiff's workers' compensation case, who opined that while plaintiff had mild carpal tunnel syndrome on the left, she was "exaggerating her complaints." (TR 213).

The ALJ concluded that while plaintiff should avoid forceful gripping, grasping and forceful handling of objects, he rejected that portion of the ME's testimony imposing greater hand restrictions. His conclusion was supported by Dr. Conaty's examination and report, which concluded that plaintiff had a grossly normal range of motion in her hands and wrists. (TR 418).

1    Plaintiff also argues that an August 11, 2005 orthopedic
2 reevaluation submitted by Dr. Naresh (Nick) K. Sharma, apparently in
3 connection with plaintiff's workers' compensation claim and forwarded to
4 the Appeals Council after the hearing before the ALJ, should entitle her
5 to benefits. (TR 271-74). This report opines that plaintiff would
6 benefit from knee surgery and generally appears to report what plaintiff
7 told Dr. Sharma about her pain and limitations and further acknowledges
8 that the Agreed Medical Examiner's report indicated that the surgery
9 would be denied.
10   The Commissioner's conclusion concerning plaintiff's RFC is
11 supported by substantial evidence and free from material legal error.
12         B.   Plaintiff's Credibility
13   Plaintiff contends that the ALJ failed to properly analyze her
14 credibility.
15   The Commissioner's assessment of plaintiff's credibility should be
16 given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.
17 1985). Although the ALJ's interpretation of plaintiff's testimony may
18 not be the only reasonable one, if it is supported by substantial
19 evidence "it is not [the court's] role to second-guess it." Rollins v.
20 Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing Fair v. Bowen, 885
21 F.2d 597, 604 (9th Cir. 1989)).
22   "Generally, a [plaintiff's] credibility becomes important at the
23 stage where the ALJ is assessing [RFC], because the [plaintiff's]
24 subjective statements may tell of greater limitations than can medical
25 evidence alone." Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir.
26 2001). For this reason, the ALJ may not reject plaintiff's testimony
27 regarding plaintiff's limitations merely because they are not supported

by objective evidence. <u>Id.</u> at 1147-48 (citing <u>Fair v. Bowen</u>, 885 F.2d at 602). In assessing plaintiff's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering plaintiff's reputation for truthfulness and any inconsistent statements in plaintiff's testimony. <u>Id.</u> at 1148. The ALJ must give specific, convincing reasons for rejecting plaintiff's subjective statements. <u>Id.</u> (citing <u>Fair v. Bowen</u>, 885 F.2d at 602). <u>See</u> also <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 343 (9th Cir. 1991).

In this case, the ALJ's conclusion that plaintiff testified to a completely inactive lifestyle correctly characterizes her hearing testimony. (TR 444-49). In addition to a lengthy discussion of the medical evidence and opinions upon which he relied in determining her RFC and finding that she was not credible, the ALJ rejected her testimony finding her symptoms were reasonably controlled with minimal treatment and reasonable use of medication. He noted the Agreed Medical Examiner's opinion that plaintiff exaggerates her complaints (TR 411) and a recommendation against anything other than current symptomatic care. (TR 284-89, 412).

The Commissioner argues that there are multiple additional adverse inferences which the court could draw from additional findings made by the ALJ. The findings made by the ALJ in the context of the record support a conclusion of malingering and exaggeration, even without the additional inferences, which were not directly articulated by the ALJ. While the ALJ could have made additional findings, the Commissioner's findings are sufficient and free from material legal error.

## CONCLUSION

Plaintiff clearly has severe impairments. A plaintiff who can

still perform work in the national economy, even with a severe impairment, is not disabled as that term is defined by the Act. <u>See generally</u> <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1395 (9th Cir. 1991). Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: March 8, 2007

                                CAROLYN TURCHIN
                                CAROLYN TURCHIN
                                UNITED STATES MAGISTRATE JUDGE